IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

VS.     CASE NO. 06-CV-1021

BILLYE JEAN WILSON;
BILLYE JEAN WILSON TRUST;
and GENE JANAGIN     DEFENDANTS

## ORDER

Before the Court is Plaintiff United States of America's Motion for Summary Judgment. (Doc. No. 13). The United States seeks to foreclose upon a federal loan issued through the United States Department of Agriculture's Farm Service Agency ("FSA"). Defendant, Billye Jean Wilson, has responded. (Doc. No. 16). The matter is ripe for consideration.

## BACKGROUND

Between March 28, 1979 and February 19, 1993, the FSA extended to John Wilson (now deceased) and Billye Jean Wilson three loans[1] in the principal amount of 128,770.00 in return for three promissory notes and three mortgages on real property[2] located in Union County, Arkansas. (Doc. Nos. 1-1– 1-5). Wilson was to repay the first two loans in 41 annual installments beginning January 1, 1980 and the third loan in 8 annual installments beginning

---

[1] The first loan was dated March 28, 1979 for the amount of $104,000.000. The second loan was dated December 18, 1979 for the amount of $14,500.00. The third loan was February 19, 1993 for the amount of 10,270.00.

[2] The West Half of the Northwest quarter of the Southwest Quarter (W/2 NW/4 SW/4) of Section 27, Township 16 South, Range 16 West.

January 1, 1994. Wilson defaulted on the loans, and on October 9, 2001, the United States accelerated the outstanding amount owed, declaring $91,995.45 in unpaid principal, and $22,711.39 in unpaid interests due immediately. (Doc. No. 1-5). Unable to obtain payment from Wilson, the United States brought this action to foreclose upon the promissory notes and mortgaged property. On August 30, 2006, the total amount owed to the FSA was $132,531.59, with interest accruing thereafter at the daily rate of $12.6882. (Doc. Nos. 13-2 and 15).

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.,* 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. Where no reasonable jury could render a verdict for the nonmovant, however, summary judgment is properly granted. *Taylor v. White,* 321 F.3d 710,

715 (8th Cir. 2003).

## DISCUSSION

The United States has brought this action to foreclose on three promissory notes and mortgaged property located in Union County, Arkansas. It has submitted documents to the Court showing that as of August 30, 2006, there is due and owing the sum of $132,531.59 ($92,623.25 in unpaid principal and $39,908.34 in unpaid interest), plus interest accruing at a daily rate of $12.6143. Wilson has not denied execution of the note nor claimed satisfaction thereof. In fact, Wilson does not dispute any of the facts submitted by the government. She only states that there are material issues of fact which preclude summary judgment. However, Wilson's unsupported statement does not raise a material issue of fact upon which this Court can deny summary judgment. Fed. R. Civ. P. 56(e) provides;

> "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

*Id.; Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir. 1981). Wilson's response fails to set forth specific facts showing the existence of a genuine issue for trial. The Court is satisfied that the United States has sufficiently alleged and proved the existence and amount of the three loans, secured by the promissory notes and mortgages.

## CONCLUSION

Accordingly, the Court finds that the United States' Motion for Summary Judgment should be and hereby is **granted** against Defendant Billye Jean Wilson. The United States is

directed to supply the Court with the appropriated Decree to be entered as a final judgment in this matter.

IT IS SO ORDERED, this 30th day of November, 2006.

      /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge