IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>BILLYE JEAN WILSON, BILLYE JEAN )<br>WILSON TRUST; and GENE JANAGIN, )<br>        Defendants. ) | Civil No. 06-1021 |

DECREE OF FORECLOSURE

Now on this 19th day of December, 2006, this case comes on to be heard, and the Court being advised in the premises, finds:

1.    That the Court has jurisdiction of the parties and subject matter herein.

2.    That the Plaintiff filed its Complaint against the Defendants on February 17, 2006.

3.    That the Defendants, Billye Jean Wilson and Billye Jean Wilson Trust were served with summons and a copy of complaint by certified mail on February 25, 2006.

4.    That the answer of Defendant Billye Jean Wilson, individually and on behalf of Billye Jean Wilson Trust, was filed on March 13, 2006.

5.    That the Defendant, Gene Janagin was served by Order for Service By Publication on Absent Defendant, with said Order being published in a newspaper having a general circulation

in Union County, Arkansas, once weekly for six consecutive weeks prior to the appearance date set forth in the Order.

6.   That the default of Defendant Gene Janagin was entered by the Clerk on August 29, 2006, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

7.   That the Plaintiff filed its Motion for Summary Judgment on September 12, 2006. The Defendant, Billye Jean Wilson, filed her Response to Motion for Summary Judgment on October 18, 2006. On November 30, 2006, this Court granted Plaintiff's Motion for Summary Judgment against Defendant, Billye Jean Wilson.

8.   That, to receive loan assistance from the United States of America, John Wilson, and Defendant Billye Jean Wilson, executed and delivered to the United States of America, certain Promissory Notes, representing a loan made, renewed and/or reamortized between March 29, 1979 and February 19, 1993, and more particularly described below:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
| --- | --- | --- | --- | --- |
| FO-LR-41-02 | March 29, 1979 | $104,000.00 | 3.0% | 41 annual installments: 1 in the amount of $2,377.00 and 40 in the amount of $4,500.00 beginning January 1, 1980. |
| FO-LR-41-03 | December 18, 1979 | $14,500.00 | 3.0% | 41 annual installments: 1 in the amount of $17.00, and 40 in the amount of $628.00 beginning January 1, 1980. |
| OL-LR-44-04 | February 19, 1993 | $10,270.00 | 5.0% | 8 annual installments in the amount of $1,775.00 beginning January 1, 1994. |

These notes provide that upon default the holder might declare the entire indebtedness due and payable.

9.   That the Plaintiff is the legal holder of these notes.

10.   That, to secure the indebtedness set forth above, John Wilson, and Defendant Billye Jean Wilson, executed and acknowledged in the manner required by law and delivered to the United

States of America, acting by and through the Farm Service Agency, United States Department three (3) Real Estate Mortgages for Arkansas, described as follows:

| Date of Mortgage | Date of Filing | Filing Information |
|---|---|---|
| March 29, 1979 | March 29, 1979 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Union County, Arkansas, in Book No. 1386, at Page 125. |
| December 18, 1979 | December 18, 1979 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Union County, Arkansas, in Book No. 1411, at Page 483. |
| February 19, 1993 | February 19, 1993 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Union County, Arkansas, as Instrument No. 931225. |

The Mortgages encumber certain real property that is located in Union County, Arkansas, all of which being more particularly described below:

> The West Half of the Northwest quarter of the Southwest Quarter (W/2 NW/4 SW/4) of Section 27, Township 16 South, Range 16 West, Union County, Arkansas.

11. That the Plaintiff is the legal holder of these mortgages.

12. That subsequent to the execution of the Promissory Notes and Real Estate Mortgages hereinabove described, John Wilson died leaving as his survivor the Defendant, Billye Jean Wilson, who under the laws governing descent, succession and distribution owned the real property herein described or an interest therein.

13. No probate proceeding for the administration of the estate of John Wilson was opened.

14. That despite notice and demand, the Defendant, Billye Jean Wilson, has neglected and refused to pay her obligation on these notes and is in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of these notes the sum of $92,623.25, plus accrued interest of $39,908.34, as of August 30, 2006, for

a total of $132,531.59, with interest accruing thereafter at the rate of $12.6882 per day, until date of judgment.

15.   For a valuable consideration, the Defendant, Billye Jean Wilson, in said mortgages waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendant likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

16.   That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

17.   That the Defendant, the Billye Jean Wilson Trust, claims or may claim an interest in the property which is the subject of this action by virtue of a Warranty Deed dated January 22, 2001, which was filed on January 26, 2001, in the records of Union County, Arkansas, as Instrument No. 010657.  Such claim, however, is subordinate and inferior to the mortgage claim of the Plaintiff.

18.   That the Defendant, Gene Janagin, claims or may claim and interest in the property which is the subject of this action by virtue of his residency on the subject property.  Such claim, however, is subordinate and inferior to the mortgage claim of the Plaintiff.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment *in rem* against the property and *in personam* against the Defendant, Billye Jean Wilson, in the amount of $132,531.59, plus interest accruing at a rate of $12.6882 per day from August 30, 2006, to date of judgment, together with interest at the legal rate of 4.95 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid, and costs herein laid out and expended.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Union County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Union County Courthouse in El Dorado, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.


          /s/Harry F. Barnes
HONORABLE HARRY F. BARNES
UNITED STATES DISTRICT JUDGE